UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CLAUDE RAYMOND DOVE,<br><br>　　　　Petitioner,<br><br>vs.<br><br>CHARLES L. RYAN, et al,<br><br>　　　　Respondents. | 2:08-cv-1914 JWS<br><br>ORDER FROM CHAMBERS<br><br>[Re: Petition at docket 1] |

## I.  MOTION PRESENTED

Pursuant to 28 U.S.C. § 2254, petitioner Dove sought a writ of habeas corpus. At dockets 12 and 16, respondents opposed the petition, and Dove filed replies at dockets 13 and 17.  Thereafter, Magistrate Judge Irwin filed a very thorough report and recommendation at docket 18 in which he recommended that the petition be dismissed. After obtaining an extension of time in which to do so, petitioner Dove filed objections at docket 21.  Respondents did not reply to the objections.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de*

---

[1] 28 U.S.C. § 636(b)(1).

*novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3]  Uncontested findings of fact are reviewed for clear error.[4]

### III.  DISCUSSION

This court has reviewed the parties' papers and applied the standard of review articulated above.  Concerning the recommendation that Grounds Two and Three were not properly exhausted and are now barred by procedural default, this court first observes that Dove has presented no objection.  Upon review, the recommendation with respect to Grounds Two and Three is found to be correct in all material respects.

Concerning Ground One, asserting ineffective assistance of counsel, Magistrate Judge Irwin has recommended a denial on the merits.  The crux of his recommendation is that the record cannot support the conclusion that there is a reasonable probability that defective advice on the burden of proof for the prior convictions was the basis for Dove's rejection of the plea agreement.  Dove's objections are essentially a reprise of matters which were considered by the magistrate judge.  This court concludes that the magistrate judge's recommendation as to Ground One correctly applies the law to the record in this case.  In addition to Judge Irwin's analysis, it may be added that the clear and convincing burden of proof–while less demanding than the beyond-a-reasonable-doubt standard–imposes a substantially elevated burden of proof.  This fact further supports Judge Irwin's conclusion that Dove has failed to show a reasonable probability that he would have accepted the plea deal.  Finally, it bears emphasis that even though the state court decisions did not include reasoned written opinions, the result of the state court decisions is still entitled to respect as explained very recently by Justice Kennedy in *Harrington v. Richter,* __ U.S. __, 2011 WL 148587 (2011).

---

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

## IV.  CONCLUSION

For the reasons above, this court adopts Magistrate Judge Irwin's recommended findings and conclusions.  Based thereon, Ground One of the petition is **DENIED** and Grounds two and Three are **DISMISSED**.  The Clerk will please terminate this case.

DATED this 26th day of January 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE